IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Dell Layfette Carter, | ) | C/A No. 0:14-865-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Rayford Ervin, Clover Police Department; Frank Sadler, Clover Police Department; Gary Love, Clover Police Department; Richard Goach, Clover Police Department; Lessley Mosely, Clover Police Department; Magistrate Judge Edward Harvey; Costa Pleicone, Trial Judge; Derham Cole, Trial Judge; Social Security Administration, because the Person Responding to my letter did not leave a name; Solicitor Willy Thompson; Public Defender Harry Dest, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

The plaintiff, Dell Layfette Carter ("Plaintiff"), a self-represented litigant, brings this action alleging claims associated with arrests and state criminal proceedings. (ECF No. 1 at 3.) This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC. Having reviewed the Amended Complaint[1] in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.     Factual and Procedural History**

The Complaint asserts that there "was never probable cause to arrest Dell Carter" for two robberies, and alleges claims of false arrest, false imprisonment, malicious prosecution, and

---

[1] To give liberal construction to the pleadings, Plaintiff's Complaint has been attached to the Amended Complaint for initial review.

Page 1 of 12



defamation of character.[2] (ECF No. 1 at 3–4.) The Complaint seeks monetary damages. (Id. at 5.) Plaintiff submitted folders with the Complaint, containing nearly 1500 pages of documents indicating that the officers and state court judges named in the Complaint were involved with Plaintiff's arrests in 1995, and subsequent detention, prosecutions, convictions, and imprisonment.[3] (ECF No. 1-4; ECF No. 1-5; ECF Nos. 7–9.)

Plaintiff filed an Amended Complaint on April 9, 2014, alleging that the Social Security Administration has denied Plaintiff a social security card and Supplemental Security Income since his release from prison. (ECF No. 15 at 3–4.) The Amended Complaint asserts that Plaintiff served eighteen years, five months, and eleven days unlawfully confined. (Id. at 4.) The Amended Complaint also names the Solicitor, Willy Thompson, and Public Defender, Harry Dest, associated with Plaintiff's state court proceedings. (Id. at 2.) As relief, the Amended Complaint seeks a social

---

[2] Documents submitted in this case reflect Plaintiff's arrest on February 15, 1995, for attempted armed robbery, assault and battery with intent to kill, threatening a public official, and use of a knife in the commission of a violent crime during a robbery at Rick's Party Shop. (ECF No. 7 at 106; ECF No. 7-1 at 3.) The next day, it appears Plaintiff was charged with armed robbery and assault and battery with intent to kill related to a robbery at a Fast Fare convenience store on January 6, 1995. (ECF No. 7 at 108; ECF No. 7-1 at 8.)

[3] The court may take judicial notice of cases previously filed by Plaintiff in this court challenging his convictions and sentences. See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); see also Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949). Such records reflect that, in April of 1995, Plaintiff went to trial for the charges associated with the robbery at Rick's Party Shop. See Dell L. Carter v. Rickie Harris, Warden, C/A No. 3:99-285-DWS (D.S.C. Feb. 10, 1999) (ECF No. 12.) A jury convicted Plaintiff of threatening a public official, but could not reach a verdict on the other charges stemming from that arrest. Id. A state court judge sentenced Plaintiff to three years of imprisonment for threatening a public official, suspended on the service of eighteen months and five years probation. Id. Upon completion of the eighteen-month sentence, Plaintiff was returned to York County to await trial on his remaining charges. (Id.) In January of 1997, Plaintiff was convicted of armed robbery and assault and battery of a high and aggravated nature after a bench trial, and sentenced to thirty years of imprisonment. (Id.)



security card and Supplemental Security Income check. (Id. at 9.) Plaintiff has filed several supplements to the Complaint and Amended Complaint further discussing his arrests, prosecutions, convictions, and imprisonment. (ECF Nos. 12–14; ECF No. 18; ECF Nos. 20–26; ECF No. 28.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999),



0:14-cv-00865-TLW   Date Filed 05/13/14   Entry Number 30   Page 4 of 12

construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

**B.   Analysis**

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Id. at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331, and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332. The factual allegations contained in the instant Amended Complaint do not fall within the scope of either form of this court's limited jurisdiction. First, the diversity statute, 28 U.S.C.

Page 4 of 12



§ 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372–74 nn.13–16 (1978). The court lacks diversity jurisdiction in this case because Plaintiff fails to demonstrate that he and the defendants are citizens of different states. (ECF No. 15 at 2.) In absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, "a claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." Burgess v. Charlottesville Sav. and Loan Ass'n, 477 F.2d 40, 43 (4th Cir. 1973). Therefore, a complaint must "contain allegations 'affirmatively and distinctly' establishing federal grounds 'not in mere form, but in substance' and 'not in mere assertion, but in essence and effect.' " Id. (citing Cuyahoga Co. v. Northern Ohio Co., 252 U.S. 388, 397 (1920)). "The mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit." Malone v. Gardner, 62 F.2d 15, 18 (4th Cir. 1932). To this end, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). While "detailed factual allegations" are not required, a plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. A federal court lacks subject matter jurisdiction over a complaint raising claims " 'so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy.' " See Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452–53 (4th Cir. 2012) (citation omitted).

In the instant case, Plaintiff's Amended Complaint provides only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678 (citation omitted). Further, while Plaintiff has submitted over fifteen hundred pages of attachments in this case, "the principles requiring generous construction do have their limits . . . [t]hey do not require that the courts fashion of a whole cloth claims that are not squarely presented to them." Spencer v. Hedges, No. 87-7695, 1988 WL 9621, at *1 (4th Cir. Feb. 1, 1988) (affirming district court's dismissal of voluminous pleadings which did not meet minimal pleading requirements). Lengthy, rambling, and repetitive pleadings, like those submitted by Plaintiff in this case, place "an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and impose "a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, and generalizations." See Holsey v. Collins, 90 F.R.D. 122, 123–24 (D. Md. 1981). As Plaintiff's pleadings fail to establish subject matter jurisdiction or meet the requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure, this case is recommended for summary dismissal.

In addition, this court lacks subject matter jurisdiction over an "obviously frivolous complaint." Chong Su Yi v. Soc. Sec. Admin., No. 13-2195, 2014 WL 629513, at *1 (4th Cir. Feb. 19, 2014) (affirming dismissal of factually and legally frivolous claims in a fee-paid *pro se* case). Therefore, even if the court were to construe Plaintiff's conclusory allegations as sufficient to confer subject matter jurisdiction under 42 U.S.C. § 1983,[4] the following defendants would still be entitled to summary dismissal because Plaintiff's claims against them are legally frivolous. See Ross v.

---

[4] 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).



Baron, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012) ("[F]rivolous complaints are subject to summary dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid.").

### 1.     Social Security Administration

Plaintiff names the Social Security Administration as a defendant in this action.[5] (ECF No. 15.) Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. See FDIC v. Meyer, 510 U.S. 471, 484–86 (1994) (declining to extend Bivens to permit suit against a federal agency); Global Mail Ltd. v. United States Postal Service, 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit). "[T]he United States has not waived sovereign immunity in suits claiming constitutional torts." Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Bivens did not abolish the doctrine of sovereign immunity of the United States. Any remedy under Bivens is against federal officials individually, not the federal government."). As a federal agency, the Social Security Administration is immune from Plaintiff's constitutional claims. Therefore, Plaintiff's allegations against this defendant are subject to summary dismissal as frivolous. See Chong Su Yi, 2014 WL 629513, at *1 (affirming dismissal of claims against the Social Security

---

[5] Plaintiff's claims against the Social Security Administration would be evaluated under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, caselaw involving § 1983 claims is applicable in Bivens actions, and vice versa. See Harlow v. Fitzgerald, 457 U.S. 800, 814–20 n.30 (1982).



Administration based on district court's inherent authority to dismiss frivolous complaints, even when the filing fee has been paid).

Further, the Federal Rules of Civil Procedure allow joinder of defendants in a civil action if their conduct arises "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). However, the Amended Complaint's claims against the Social Security Administration, for a denial of benefits and a social security card since Plaintiff's release from incarceration, are wholly unrelated to transactions and occurrences giving rise to the allegations in the Complaint. Therefore, Plaintiff should not be allowed to proceed on such claims in this action. See Myers v. AT&T Corp., C/A No. 2:13-1432-RMG, 2013 WL 4823282, at *3 (D.S.C. Sept. 9, 2013) (adopting report and recommendation, which recommended dismissal of legally and factually unrelated claim); see also Burgess v. ebay, Inc., C/A No. 1:11CV193, 2013 WL 2898022, at *7 n.5 (M.D.N.C. June 13, 2013) (" '[u]nrelated claims against different defendants belong in different suits . . . .' ") (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)).

### 2. State Court Judges

Plaintiff sues Magistrate Judge Edward Harvey ("Harvey") and trial judges Costa Pleicones ("Pleicones") and Derham Cole ("Cole") for judicial actions taken during Plaintiff's state criminal proceedings. (ECF No. 1-3; ECF No. 9-2; ECF No. 9-3.) It is well-settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. Mireless v. Waco, 502 U.S. 9, 12 (1991); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985). Judges are also protected from claims for injunctive relief as § 309(c) of the Federal Courts Improvement Act, Pub. L. No 104-317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was



violated or declaratory relief was unavailable."[6] 42 U.S.C. § 1983.  Judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."  Stump v. Sparkman, 435 U.S. 349, 356–57 (1978).  Because judicial immunity is a protection from suit, not just from ultimate assessment of damages, Mireless, 502 U.S. at 11, Defendants Harvey, Pleicones, and Cole are absolutely immune from Plaintiff's claims associated with their judicial rulings in state criminal proceedings.  As such, Plaintiff's claims against the judicial defendants are frivolous and subject to summary dismissal.  See Evans v. Allbrooks, No. 89-7061, 1989 WL 100776 (4th Cir. Aug. 28, 1989) (affirming district court's dismissal of complaint against judges as "wholly frivolous"); see also Edokobi v. Motz, C/A No. DKC-13-3378, 2013 WL 6713290, at *2 (D. Md. Dec. 18, 2013) (finding that doctrine of absolute judicial immunity compels dismissal of case under court's inherent authority to ensure case is not frivolous).

### 3. Solicitor Willy Thompson

Plaintiff further alleges a violation of his constitutional rights by the prosecuting attorney in his state criminal proceedings, Solicitor Willy Thompson ("Thompson"). (ECF No. 9-4.)  However, prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings.  See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000).  Thus, Plaintiff's claims associated with the prosecution of his criminal charges in state court by Thompson are barred from suit under § 1983.  Therefore, Plaintiff's

---

[6] Plaintiff does not allege that the prerequisites for injunctive relief have been satisfied in this case.



allegations against Thompson are likewise frivolous and subject to summary dismissal. See Evans, 1989 WL 100776, at *1 (finding district court properly dismissed complaint against prosecutor based on frivolousness); see also Pierce v. Bergamine, C/A No. 5:10-CT-3060-D, 2011 WL 10550591, at *2 (E.D.N.C. Jan. 24, 2011) (dismissing claim against prosecutor as frivolous).

### 4. Public Defender Harry Dest

Plaintiff also names his former defense attorney, Harry Dest ("Dest"), as a defendant in this case for allegedly providing ineffective assistance of counsel during Plaintiff's state criminal proceedings. (ECF No. 9-1.) An attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel. See Polk County v. Dodson, 454 U.S. 312, 317–24 nn.8–16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155–56 nn.2–3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney). Thus, Plaintiff's claims alleging ineffective representation in state court proceedings by Dest are also frivolous and subject to summary dismissal. See Evans, 1989 WL 100776, at *1 (affirming dismissal of a frivolous claim against an attorney, who was not a state actor and not liable under § 1983); see also Bryant v. North Carolina Prisoner Legal Servs., Inc., Nos. 92-6339, 92-6430, 93-6593, 1993 WL 291448, at *1 (4th Cir. Aug. 2, 1993) (affirming dismissal of frivolous complaint naming an attorney who was not a state actor amenable to suit under § 1983).

### III.  Conclusion and Recommendation

Accordingly, the court recommends that the Amended Complaint be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 13, 2014
Columbia, South Carolina

*The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).